Filed 4/15/14  Gutierrez v. Superior Court CA2/1
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SERGIO GUTIERREZ, | No. B253276 |
| Petitioner, | (Super. Ct. No. BC360704) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | OPINION AND ORDER GRANTING PEREMPTORY WRIT OF MANDATE |
| Respondent; | |
| CALIFORNIA COMMERCE CLUB, INC., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate.  Debre Katz Weintraub, Judge.  Petition granted.

Arias Ozzello & Gignac, Mike Arias, Mikael H. Stahle, Alfredo Torrijos; Rastegar & Matern, Farzad Rastegar and Thomas S. Campbell for Petitioner.

No appearance for Respondent.

Winston & Strawn, Anna Segobia Masters and Danielle R. Gerson for Real Party in Interest.

_____

The trial court abused its discretion in refusing Mike Arias, Mikael Stahle and AlfredoTorrijos of Arias Ozzello & Gignac (AOG) to associate as cocounsel to represent the class at trial.[1]  Accordingly, the petition is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

This hour and wage case was originally filed on October 20, 2006.

On April 21, 2008, Sergio Gutierrez and Hector Salazar (who is no longer a plaintiffs' representative) filed the operative third amended class action complaint against California Commerce Club, Inc. alleging, inter alia, that they and other similarly situated members of the putative class were injured by the club's unlawful policy and practice of denying meal and rest breaks to certain hourly, non-union employees.

On October 24, 2013, the trial court certified the class and found that attorneys Farzad Rastegar and Thomas S. Campbell of the law firm Rastegar & Matern, qualified to represent the interests of the class.

On December 2, 2013, class counsel filed a Notice of Appearance and Association advising the trial court that attorneys Mike Arias, Mikael Stahle and Alfredo Torrijos of AOG had associated as cocounsel and were "appear[ing] as additional attorneys of record, together with other attorneys of record, on behalf of Plaintiffs in the above-captioned case."

At a hearing on December 13, 2013, the trial court ruled that AOG could give class counsel advice and be behind the scenes, but they could not argue the case, argue motions, or appear before the jury.

On December 16, 2013, the trial court issued the following minute order, nunc pro tunc to December 13, 2013:  "'On October 24, 2013, this Court granted Plaintiff Sergio

---

[1]  As no plain, speedy and adequate remedy at law exists, and in view of the fact that the issuance of an alternative writ would add nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance." (Code Civ. Proc., § 1088; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1237-1238; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)  We requested opposition and notified the parties of the court's intention to issue a peremptory writ. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)

Gutierrez's motion for class certification. Based on the evidence presented to the Court for its consideration in finding that class counsel was qualified to represent the class, the Court approved attorney[]s Thomas S. Campbell and Farzad Rastegar of Rastegar & Matern, Attorneys at Law, A.P.C., to serve as class counsel. [¶] On November 19, 2013, the Court approved that revised form of joint notice to the class filed on November 15, 2013 which identified Thomas S. Campbell and Farzad Rastegar of Rastegar & Matern, Attorneys at Law, A.P.C., as class counsel. This opt-out notice, which was sent to the class, also informed the class that they had the right to hire their own counsel to appear on their behalf if they desired to do so. [¶] Thereafter, on December 2, 2013, class counsel filed a Notice of Appearance and Association giving notice to the Court for the first time that Mike Arias, Mikael Stahle and Alfredo Torrijos of [AOG], Attorneys & Counselors at Law were appearing as additional attorneys of record on behalf of Plaintiffs, and requesting that they also be served with all papers in this action. [¶] On December 13, 2013, the Court noted that attorneys Mike Arias, Mikael Stahle and Alfredo Torrijos of the Law Firm of [AOG] had neither been considered nor approved as class counsel by this Court in ruling upon the class certification motion and in approving the opt-out notice which was sent to the class. As such, the Court ruled that attorneys Mike Arias, Mikael Stahle and Alfredo Torrijos of the Law Firm of [AOG] would not be permitted to argue matters nor appear before the jury on behalf of the certified class.'"

On December 17, 2013, class counsel filed an ex parte application of plaintiff Sergio Gutierrez to appoint additional class counsel.

On December 17, 2013, the trial court stated, in relevant part: "On December 17, 2013, class counsel filed an ex parte application to approve [AOG] and attorneys Arias, Stahle and Torrijos as additional class counsel. However, no justification was given for delaying until 13 court days prior to the start of trial on January 7, 2014 this request to serve as class counsel. This left insufficient time to provide notice to the class members that [AOG] and attorneys Arias, Stahle and Torrijo sought to be approved as additional class counsel. [¶] The ex parte application for an order to appoint additional class counsel is DENIED."

3

## DISCUSSION

The sole issue before us is whether the trial court abused its discretion in refusing to allow class counsel to associate AOG. We conclude that it did.

The only reasons for denial appear to be that AOG had not been approved as class counsel by the trial court and included in the notice sent to the class. Although these failures merit some consideration, they are outweighed by the policy of allowing approved class counsel to determine how best to proceed with their case. Class counsel will continue to be responsible for the conduct of the case. They should be allowed to obtain the assistance that they consider helpful so long as it is not detrimental to the class nor interferes with the trial. Here neither detriment nor interference has been shown. Further, opposing counsel's expectation that only approved class counsel would try the case, it is not a reason to deny the association. Opposing counsel is expected to be ready for trial regardless of who tries the case for plaintiffs. We note that it is not uncommon for one counsel to be substituted out of a case and new counsel to be substituted into a case at the last minute. Here, of course, original counsel will still remain on the case.

## DISPOSITION

THEREFORE, let a peremptory writ issue, commanding respondent superior court to vacate its orders of December 13, 2013 and December 17, 2013, denying Gutierrez's motion and ex parte application to associate AOG, and to issue new and different orders granting the association, in Los Angeles Superior Court Case No. BC360704, entitled *Sergio Gutierrez v. California Commerce Club*.

The stay is vacated.

Each party is to bear its own costs.

NOT TO BE PUBLISHED


THE COURT:


_____      _____      _____
ROTHSCHILD, Acting P. J.            CHANEY, J.                      JOHNSON, J.

4